**Frank BORDA, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. Cr. 11937.**

United States District Court
W. D. South Carolina,
Spartanburg Division.

Jan. 2, 1962.

Frank Borda, petitioner, pro se.

John C. Williams, U. S. Atty., W. A. Bull, Asst. U. S. Atty., Greenville, S. C., for respondent.

WYCHE, District Judge.

The above matter is before me upon motion of the above named Petitioner under Section 2255, Title 28, U.S.C.A. (In the Petitioner's Petition, the Petitioner alleges that this action or motion is brought under Title 35, Section 2255, U. S.C., which is obviously a typographical error.)

The Petitioner was tried in the Spartanburg Division of the Western District of South Carolina on an indictment charging him with violation of Section 2312, Title 18, U.S.C. Upon his plea of "Not Guilty" on October 7, 1958, the defendant, Frank Borda, was tried before a jury on May 4, 1960. At the conclusion of the evidence for the prosecution, the defendant, Frank Borda, moved for Judgment of Acquittal upon the ground of failure to prove material allegations of the indictment. I overruled the defendant's motion. The trial then proceeded and defendant introduced one Exhibit, the entry of a plea of "Guilty" on behalf of Allen Frank Kayfield to a charge on which the defendant, Frank Borda, was being tried, after which the defense and prosecution rested. At the conclusion of all of the evidence, defendant, Frank Borda, renewed his Motion for Judgment of Acquittal upon the ground of failure to prove the material allegations of the indictment. The case was submitted to the jury and on May 4, 1960, a verdict of "Guilty as Charged" was returned. On May 9, 1960, and within the time allowed by the Rules of Court, defendant, Frank Borda, served a written "Renewal of Motion for Judgment of Acquittal and, in the Alternative, Motion for New Trial".

On June 24, 1960, this motion came on for hearing before me, and both motions were overruled. Judgment of Conviction was entered and a sentence of 3½ years in the custody of the Attorney General was imposed. Timely Notice of Appeal was filed and the time for filing the Record and otherwise perfecting the Appeal was extended from time to time by order of the Trial Court, and the case was appealed to the Fourth Circuit Court of Appeals.

On January 4, 1961, the Circuit Court of Appeals for the Fourth Circuit affirmed the conviction and sentence imposed by the Trial Court.

In answering the Petitioner's claim that one Allen Frank Kayfield stole the car and plead guilty to the charge, it is only necessary to refer to the decision of the Circuit Court of Appeals entitled United States v. Borda, 285 F.2d 405 (4th Circuit).

The Petitioner, at his trial in the District Court and in the Circuit Court of Appeals, was represented by Sam R. Watt, Esquire, his own choice and one of the ablest lawyers in the State of South Carolina.

I find that the files and records of this case conclusively show that the Petitioner is not entitled to any relief under Section 2255.

I further find that the Court had jurisdiction to impose the sentence and the sentence is not in excess of the maximum authorized by law, or otherwise subject to collateral attack and was not in violation of the Constitution or laws of the United States.

I refer especially to the paragraph of Section 2255, Title 28, U.S.C., which provides as follows: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner".

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Petition or action of Frank Borda in Criminal Action No. 11,937 is hereby denied and the Clerk of Court for the Western District of South Carolina is instruct-

ed to return any future Petitions or Actions under Section 2255, Title 28, U.S.C. to Frank Borda. I further instruct the Clerk of Court for the Western District of South Carolina to file this Order with the Petition sent to him by Mr. Frank Borda in Criminal Action No. 11,937, and send him a certified copy of this Order by registered mail.